UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN DICHIARA,<br>GEORGE LARSEN,<br>LARRY TODT, and<br>LAURA PEZZI,<br><br>    Defendant. | No.  2:15-cr-190-GEB<br><br>**ORDER DENYING MOTION TO SEVER TRIAL OF DEFENDANTS** |

    Defendants John DiChiara and George Larsen move for severance of "their jury trial from that of co-defendant LARRY TODT [arguing] that defendant TODT's anticipated antics, . . . presentation of irrelevant facts, and . . . nonsensical evidentiary and legal arguments will cause such a distraction from the relevant facts and the salient legal arguments, that the [movants] will be denied their Fifth and Sixth Amendments rights to substantive and procedural due process and a fundamentally fair jury trial." Defs. Mot. to Sever 2:4-11, ECF No. 129. The United States opposes the motion, arguing the movants have not sustained their "burden of showing a joint trial will prejudice a specific trial right or prevent the jury from making a reliable judgment about the defendant's guilt or innocence." Gov't Opp'n 3:22-24, ECF No. 151.

1

The United States also argues the indictment justifies jointly trying defendants on the conspiracy count in which each defendant is alleged to have "participated in a multi-year conspiracy to commit title fraud;" "orchestrated a nationwide mortgage fraud scheme in which they recruited distressed homeowners with the promise of relief from foreclosure via a 'mortgage elimination program;'" and "cause[d] to be recorded at the County Recorder's Office a sham deed of trust, giving the impression that the homeowner had refinanced the mortgage loan with a new lender." Gov't Opp'n 1:24-25, 2:2-4 and 12-14.

"It is well-established that in the federal system there is a preference for joint trials where defendants have been jointly indicted"; however, "[u]nder certain circumstances . . . Federal Rule of Criminal Procedure 14 provides relief from prejudicial joinder." United States v. Hernandez-Orellana, 539 F.3d 994, 1001 (9th Cir. 2008) (citation omitted). The Ninth Circuit has developed:

> a . . . test to aid the district court's determination [under Rule 14], including: '(1) whether the jury may reasonably be expected to collate and appraise the individual evidence against each defendant; (2) [whether] instructing the jury on the limited purposes for which certain evidence may be used; (3) whether the nature of the evidence and the legal concepts involved are within the competence of the ordinary juror; and (4) whether [the movants] could show, with some particularity, a risk that the joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'

Id. (citation omitted).

The movants have not articulated with particularity

2

what they anticipate a co-defendant may do during trial that could "compromise a specific trial right" "or prevent the jury from making a reliable judgment about guilt or innocence." Id. Therefore, the motion is denied.

Dated:  June 15, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge