UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| JOHN MICHAEL DICHIARA, et. al., | |
| Defendants. | |

Pending are in limine motions Defendant John Michael DiChiara filed on May 16, 2017. Def. Mot., ECF No. 138. Defendant George B. Benson filed a joinder in the motions. Joinder, ECF No. 131. The United States filed a reply opposing the motions. Gov't Reply, ECF No. 155.

All motions are summarily denied, except Defendants' motion made under Federal Rule of Evidence 404(b), since they are utterly devoid of the concreteness necessary to justify consideration and analysis. Defendants argue in their Rule 404(b) motion that the Government has not sustained its burden applicable to having the following noticed prior act evidence admitted during trial: evidence that DiChiara engaged in a "similar mortgage elimination scheme . . . predat[ing] his involvement in the charged scheme." Def. Mot. 2:21-24.

Defendants first argue that "the Rule 404[(b)(2)(A)] notice provided by the government[ should be considered ineffective, because it] does not meet the long-standing

1

requirements of [United States v. Mehrmanesh, 689 F.2d 822 (9th Cir. 1982),] and merely provides the defense with a boilerplate statement of the Rule 404 exceptions." Def. Mot. 5:18-20. Rule 404(b)(2)(A) prescribes the following notice requirement: "On the request by a defendant in a criminal case, the prosecutor must . . . provide reasonable notice of the general nature of [the proffered] evidence [of a crime, wrong, or other act] that the prosecutor intends to offer at trial." The subject notice is quoted in the motion as follows:

> The government intends to introduce evidence that DiChiara was engaged in a similar mortgage elimination scheme in the Sacramento area that predated his involvement in the charged scheme. DiChiara used his church, Shon-te-East, to recruit distressed homeowners with a promise that their mortgage loans would be cleared from title and their mortgage debt would be eliminated. This earlier scheme ended in approximately 2009. Evidence of this earlier scheme will include, without limitation, the testimony of homeowners involved in the earlier scheme, testimony and documentary evidence from county recorders, testimony and documentary evidence from financial institutions, and statements made by DiChiara.

Def. Mot. 5:10-16 (quoting Gov't Notice 1:22-2:3, ECF No. 116).

Defendants' reliance on Mehrmanesh is unavailing. Mehrmanesh does not discuss this notice issue. Mehrmanesh discusses "[t]he Government['s] . . . burden of showing how the proffered [prior act] evidence is relevant to one or more [Rule 404(b)] issues in the case . . . ." Mehrmanesh, 689 F.2d at 830. Further, the Government's reply more specifically proffers the nature of the prior act evidence it intends to offer at trial. Gov't Reply, ECF No. 155. Defendants have not shown that the prior act evidence notice information they received fails to

satisfy the "reasonable notice" principle in Rule 404(b)(2)(A). Therefore, this portion of the motion is denied.

Defendants also argue:

> [T]he government does not establish how this [Rule 404(b) prior act] evidence will help to establish any material facts in [its] case against DiChiara[, and contends] this evidence will likely be used by the government for the improper purpose of proving that DiChiara has a criminal propensity [contrary to what is proscribed in Rule 404(b)(1)].

Def. Mot. 5:20-23. Rule 404(b)(1) prescribes: "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Defendants further argue the Rule 404(b) prior act evidence should be excluded under Rule 403 because if the jury sees or hears evidence that DiChiara "participat[ed] in and [had] knowledge of uncharged criminal acts[, then that] will cause the jury to be unfairly prejudiced against [Defendants]." Def. Mot. 6:24-25.

The Government counters, inter alia, that the Rule 404(b) prior act evidence is admissible to rebut the

> anticipate[d] . . . defense that [DiChiara] did not have . . . the intent to defraud. DiChiara filed a notice under Fed. R. Crim. P. 12.2. Evidence that DiChiara operated a similar fraud scheme using the Shon-te-East church prior to joining the conspiracy in this case is probative evidence that he was able to form the required mens rea.

Gov't Reply 3:11-15 (citations omitted). The Government also rejoins:

> In its case-in-chief, the government present [sic] evidence of the statements DiChiara made during his May 23, 2011 interview with law enforcement. The government may seek to

3

> present a small number of documents from the first Shon-te-East scheme, as well as one or two homeowner witnesses who were recruited into the first Shon-te-East scheme. The government intends to call only homeowner witnesses that actually spoke with DiChiara. The government estimates that the total length of its presentation of evidence relating to the first Shon-te-East scheme will not exceed one-half of one court day in its case-in-chief.

Gov't Reply 5:5-11.

The evidentiary record concerning the admissibility of Rule 404(b) prior act evidence is not concrete enough for a thorough judicial examination of the admissibility of the prior act evidence the United States "may seek to present" at trial. Gov't Reply 5:6. "The district court [need not] make [an] in limine ruling [on the admissibility of Rule 404(b) prior act evidence] in a vacuum, and instead [may decide] the issue [when it is presented with] more [factual] context on which to rely in making an evidentiary ruling." United States v. Prigge, 830 F.3d 1094, 1096 (9th Cir. 2016), cert. denied, 137 S.Ct. 697 (2017). Therefore, this portion of the motion is also denied.

In light of this decision denying Defendants' in limine motions, the scheduled July 14, 2017 hearing for the motions is vacated.

Dated: June 30, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

4