UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-190-GEB |
|---|---|
| Plaintiff, | |
| v. | **TRIAL CONFIRMATION ORDER** |
| JOHN MICHAEL DICHIARA, et. al., | |
| Defendants. | |

Trial in the above-captioned case, scheduled to commence at 9:00 a.m. on September 12, 2017, was confirmed at the hearing held on August 11, 2017.

**EVIDENTIARY DISPUTES**

All evidentiary disputes capable of being resolved by in limine motions shall be filed no later than August 18, 2017. Oppositions to the motions or statements of non-opposition shall be filed no later than August 25, 2017. Any reply shall be filed no later than September 1, 2017.

Any reasonably anticipated dispute concerning the admissibility of evidence that is not briefed in an in limine motion shall be included in trial briefs. E.D. Cal. R. 285(a)(3).

**TRIAL PREPARATION**

A. No later than five court days before the trial commencement date, the following documents shall be filed:

(1) proposed jury instructions and a proposed

1

verdict form **(and the Courtroom Deputy shall be emailed a Word version of the documents);**

    (2) proposed voir dire questions to be asked by the Court;

    (3) trial briefs; and

    (4) a joint statement or joint proposed jury instruction that can be read to the jury during voir dire that explains the nature of the case.

  B. The government's exhibits shall be numbered with stickers. Should a defendant elect to introduce exhibits at trial, such exhibits shall be designated by alphabetical letter with stickers. The parties may obtain exhibit stickers from the Clerk's Office. The government shall file an exhibit list and a witness list as soon as practicable.

  C. All parties, except for pro se Defendant Larry Todt, estimated it will take nine (9) court days to present evidence to the jury and to complete closing arguments. Pro se Defendant Larry Todt did not respond to the question inquiring about the estimated length of trial. Trial will be conducted on Tuesdays, Wednesdays, and Thursdays from 9:00 a.m. to approximately 4:30 p.m. If trial is not completed by September 29, 2017, trial will resume on October 17, 2017, at 9:00 a.m. Each party has fifteen (15) minutes for voir dire, which may be used after the judge completes judicial voir dire. Two (2) alternate jurors will be impaneled, if feasible.

  The "struck jury" system will be used to select the jury. See generally Powers v. Ohio, 499 U.S. 400, 404-05 (1991) ("[T]he . . . struck jury system . . . start[s] with about 3[6]

potential jurors, from which the defense and the prosecution alternate[] with strikes until a petite panel of 12 jurors remain[s]."). Under this system, approximately 36 venire persons are brought into the courtroom and placed in seats corresponding to the order in which they were randomly selected by the computer system utilized by the Jury Administrator. The Courtroom Deputy gives each potential juror a large laminated card depicting the numerical order in which the potential juror was randomly selected.

Following the voir dire questioning of all venire persons brought into the courtroom, each side will take turns exercising peremptory challenges. When exercising a peremptory challenge, each side writes on the Strike Sheet provided by the court the seat number of the potential juror that side elects to strike. If a side elects to pass rather than exercise a particular peremptory challenge, that side shall write the word "pass" on the Strike Sheet for that peremptory challenge, which waives that challenge for the then-constituted jury panel. See United States v. Yepiz, 685 F.3d 840, 845-46 (9th Cir. 2012) (indicating the "'use it or lose it' voir dire [waiver] practice" is authorized if "the composition of the panel" does not change). After the petit jury is selected, each side then selects the alternate jurors.

After the jury retires to deliberate, the alternate jurors are no longer required to appear in court unless directed to appear by the Courtroom Deputy for the purpose of replacing a juror.

D. If any party desires training on the court's audio

3

visual equipment, that party should contact Richard Arendt (rarendt@caed.uscourts.gov) in the IT Department to make arrangements for training. The courtroom is available for training Monday through Thursday between 8:00 and 8:30 a.m. If training is not needed and a party wants to test the equipment, this can be done the morning of trial between 8:00 and 8:30 a.m.

E. Each party has fifteen (15) minutes to make an opening statement.

F. After closing jury instructions, the judge intends to communicate as follows with the Court Security Officer and the jury:

> The Courtroom Deputy shall administer the oath to the United States Court Security Officer.
>
> The jury may take a break and/or break for a meal, without consulting me; the breaks are under your general supervision. If the jury adjourns for lunch, a Court Security Officer shall immediately tell the Courtroom Deputy so that my staff, the lawyers, the parties, and I can be relieved from standby status while the jury adjourns deliberations.
>
> Should the jury adjourn later today, jurors are permitted tomorrow to proceed directly to the jury deliberation room, but jurors are to wait until all jurors are present before resuming deliberations because all jurors must be present when the jury deliberates. Jury deliberations shall occur, as needed, until 4:30 p.m. when the jury shall adjourn for the evening; and the jury shall resume deliberations the next day commencing at 9:00 a.m.
>
> A Court Security Officer will maintain a post outside the jury deliberation room to protect the jury from outside influences or visitors. The Court Security Officer will not communicate with a juror about the case or the court system because such conversations could be misconstrued as a communication that seeks to influence a

4

juror. What I just said does not apply to any note that a juror or the jury gives to the Court Security Officer, because the juror and/or the jury is required to tell the Court Security Officer that the jury has a note for the Judge. The Court Security Officer shall take possession of the note, and then immediately call the Courtroom Deputy so that she can obtain the note from the Court Security Officer and give it to me.

Each juror may continue possessing his or her cell phone or other communication device, but that device shall be turned off when the jury is engaged in deliberation. The Court Security Officer shall escort the jurors to the jury deliberation room.

G. Further, the Court intends to tell the alternate jurors what follows:

Under federal law, an alternate juror can only go into the jury deliberation room if the alternate juror replaces a juror. Therefore, you may leave the courthouse now and do what you normally do when you are not on a jury. However, you are bound by the admonitions I gave in the jury instructions, since you may eventually replace one of the deliberating jurors. If you are needed to replace a juror, the Courtroom Deputy will tell you to appear in this courtroom. Provide the Courtroom Deputy with your contact information before you leave the courtroom. If the trial is resolved, the Courtroom Deputy will inform you that you are discharged from further service on this case and you are released from the admonitions, including the directive that you not talk to others about this case. In the event I do not see you again, thank you for your service on this case.

Any objection to or proposed modification to either or both communications in sections F and G shall be filed no later than five (5) days after this order is filed.

Dated: August 15, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge