UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

JOHN MICHAEL DICHIARA, et. al.,

        Defendants.

No. 2:15-cr-00190-GEB

**PROPOSED VOIR DIRE, INITIAL JURY INSTRUCTIONS, JURY INSTRUCTIONS DURING TRIAL, CLOSING JURY INSTRUCTIONS, AND VERDICT FORM**

Attached are proposed voir dire questions, initial jury instructions, instructions that may be given during trial, closing jury instructions, and verdict form.

The parties shall respond to the proposed voir dire questions, as soon as practicable, and shall request a bench conference, if one is necessary, before the commencement of voir dire to discuss any issue concerning the proposed voir dire. Failure to respond to the proposed voir dire shall be deemed acquiescence to the proposed voir dire.

The bracketed optional language shall be clarified by a party or the parties as soon as feasible.

Trial will commence at 9:00 a.m. on September 12, 2017.

Dated:  September 7, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

**PROPOSED VOIR DIRE**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| JOHN MICHAEL DICHIARA, et. al., | |
| Defendants. | |

Good morning and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy Clerk is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

1.     Parties, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.     I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, the potential juror with the lowest number will respond first. If no laminated card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3.     If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.     The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately 9 court days, after which the case will be submitted to the jury for jury deliberation. Trial will be

conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective jury?

5.   If the trial is not completed within the nine days estimated, trial will resume on October 17, 2017.

6.   Each party may make any desired introduction; however, the United States shall name anticipated witnesses it may call so it can be determined whether any potential jury knows or has had contact with a person named.

a.   Do you know and or have you had any contact with a person just named?

7.   This is a criminal case brought by the United States. The United States charges all defendants in Count One with conspiracy to falsely make lending association writings and to commit bank fraud.  The United States charges defendant John Michael DiChiara in Counts 2 through 16 with Falsely Making Bonds and Obligation of Certain Lending Agencies and in Counts 18 through 24, 26 through 31, and 33 through 39 with Bank Fraud. The United States charges defendant George Larsen in Counts 19, 20, 23, and 24, with Bank Fraud. The United States charges defendant Larry Todt in Count 31 with Bank Fraud. The charges against the defendants are contained in the indictment. The indictment simply describes the charges the United States brings against the defendants. The indictment is not evidence and does not prove anything. The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the United States

3

proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

8. Has anyone read or seen anything about the charges in this case?

    a. If so, is there anything about what you may have read or seen which would affect your ability to consider only the evidence that you hear in court and to be fair and impartial to both sides?

9. In light of the allegations, does any potential juror prefer not being a juror on this case?

10. Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

11. Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

12. Have you, any member of your family, or any close friend been arrested for a crime or been the defendant in a criminal case?

13. Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

14. Do you have any bias in favor or against Catholicism?

15. Have you ever served as a juror in the past, in any capacity?

    a. State whether it was a civil or criminal case, and whether the jury reached a verdict,

4

but do not state the actual verdict reached.

16. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a law enforcement officer?

17. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a law enforcement officer?

18. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

19. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

20. Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

21. Is there anything that we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

22. The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

```
 1          Please state:

 2                  a.    your juror seat number;

 3                  b.    your name and educational background;

 4                  c.    the  educational  background  of  any  person

 5                        residing with you;

 6                  d.    your present and former occupations; and

 7                  e.    the  present  and  former  occupations  of  any

 8                        person residing with you.
```

1

2

3

4

**PROPOSED INITIAL JURY INSTRUCTIONS**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to tell you something about your duties as jurors and give you some initial instructions. At the end of the trial I will give you more detailed written instructions. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

INSTRUCTION NO. 2

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

INSTRUCTION NO. 3

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

    (1) statements and arguments of the attorneys or a an unsworn statement of a party;

    (2) questions and objections of the attorneys or a party;

    (3) testimony that I instruct you to disregard; and

    (4) anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

INSTRUCTION NO. 4

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 5

There are rules of evidence that control what can be received in evidence. When a lawyer or a party asks a question or offers an exhibit in evidence and a lawyer or a party on the other side thinks that it is not permitted by the rules of evidence, that lawyer or party may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

INSTRUCTION NO. 6

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

INSTRUCTION NO. 7

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

INSTRUCTION NO. 8

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

INSTRUCTION NO. 9

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive. When you leave court for recesses, your notes shall be left on the seat you now occupy. If you elect to take your notes, place your seat number outside the notebook you possess so that the Courtroom Deputy Clerk can give you your notebook after a recess.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

2                          INSTRUCTION NO. 10

3          The next phase of the trial will now begin. First, each

4   party may make an opening statement. An opening statement is not

5   evidence. It is simply an outline to help you understand what

6   that party expects the evidence will show. A party is not

7   required to make an opening statement.

8          The United States will then present evidence and

9   counsel for defendants John Michael DiChiara and George Larsen

10  and defendant Larry Todt, proceeding without counsel, may cross-

11  examine. Then, if the defendants choose to offer evidence,

12  counsel for the United States may cross-examine.

13         After the evidence has been presented, the parties will

14  make closing arguments and I will instruct you on the law that

15  applies to the case.

16         After that, you will go to the jury room to deliberate

17  on your verdict.

18

19

20

21

22

23

24

25

26

27

28

1

2

3

**PROPOSED JURY INSTRUCTION THAT MAY BE GIVEN DURING TRIAL,**
**IF A PARTY MAKES THE REQUEST**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

　　　You are about to hear evidence that the defendant John Michael DiChiara committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of that defendant's intent, plan, knowledge, and absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.

1

2

3

4    **<u>PROPOSED CLOSING JURY INSTRUCTIONS</u>**

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. Each of you now possesses a copy of these instructions that you may take to the jury room to consult if you desire.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

INSTRUCTION NO. 2

The indictment is not evidence. The defendants have pleaded not guilty to the charges. The defendants are presumed to be innocent unless and until the United States proves the defendants guilty beyond a reasonable doubt. In addition, the defendants do not have to testify or present any evidence to prove innocence. The United States has the burden of proving every element of the charges beyond a reasonable doubt.

INSTRUCTION NO. 3

A defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that any of the defendants did not testify.

1                                  INSTRUCTION NO. 4

2         Defendant [NAME] has testified. You should treat this

3 testimony just as you would the testimony of any other witness.

INSTRUCTION NO. 5

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the United States prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendants are guilty, it is your duty to find the defendants guilty.

INSTRUCTION NO. 6

The evidence you are to consider in deciding what the facts are consists of:

       (1) the sworn testimony of any witness;

       (2) the exhibits received in evidence; and

       (3) any facts to which the parties have agreed.

INSTRUCTION NO. 7

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.    Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers and parties have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.    Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

INSTRUCTION NO. 8

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

INSTRUCTION NO. 9

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

INSTRUCTION NO. 10

You are here only to determine whether the defendants are guilty or not guilty of the charges in the indictment. The defendants are not on trial for any conduct or offense not charged in the indictment.

INSTRUCTION NO. 11

A separate crime is charged against one or more of the defendants in each count. The charges have been joined for trial. You must decide the case of each defendant on each crime charged against that defendant separately. Your verdict on any count as to any defendant should not control your verdict on any other count or as to any other defendant.

All the instructions apply to each defendant and to each count unless a specific instruction states that it applies only to a specific count.

INSTRUCTION NO. 12

 Although the defendants are being tried together, you must give separate consideration to each defendant. In doing so, you must determine which evidence in the case applies to each defendant, disregarding any evidence admitted solely against some other defendants. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to any other defendants.

INSTRUCTION NO. 13

       The indictment charges that a crime was committed "on or about" a certain date. The United States does not have to prove that the crime occurred on an exact date. The United States only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

INSTRUCTION NO. 14

You have heard testimony that defendant John Michael DiChiara made a statement. It is for you to decide (1) whether that defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which defendant John Michael DiChiara may have made it.

INSTRUCTION NO. 15

You have heard evidence that the defendant John Michael DiChiara committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of defendant John Michael DiChiara's intent, plan, knowledge, absence of mistake, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendants are now on trial.

15

INSTRUCTION NO. 16

You have heard testimony from [name of witness], a witness who received immunity. That testimony was given in exchange for a promise by the United States that the testimony will not be used in any case against the witness. For this reason, in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by this factor. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

INSTRUCTION NO. 17

You have heard testimony from [name of witness], who pleaded guilty to a crime arising out of the same events for which the defendants are on trial. This guilty plea is not evidence against the defendants, and you may consider it only in determining this witness's believability.

For this reason, in evaluating the testimony of [name of witness], you should consider the extent to which or whether [his] [her] testimony may have been influenced by this factor. In addition, you should examine the testimony of [name of witness] with greater caution than that of other witnesses.

INSTRUCTION NO. 18

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted in evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

INSTRUCTION NO. 19

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

The defendants are charged in Count One of the indictment with conspiring to falsely make lending association writings and to commit bank fraud, in violation of Section 371 of Title 18 of the United States Code. In order for each of the defendants to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about April 22, 2010, and ending on or about November 18, 2011, there was an agreement between two or more persons to commit at least one crime as charged in the indictment—to wit, to falsely make lending association writings or to commit bank fraud;

Second, each of the defendants became members of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act on or after April 22, 2010, for the purpose of carrying out the conspiracy.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find

that there was a plan to commit at least one of the crimes
alleged in the indictment as an object of the conspiracy with all
of you agreeing as to the particular crime which the conspirators
agreed to commit.

One becomes a member of a conspiracy by willfully
participating in the unlawful plan with the intent to advance or
further some object or purpose of the conspiracy, even though the
person does not have full knowledge of all the details of the
conspiracy. Furthermore, one who willfully joins an existing
conspiracy is as responsible for it as the originators. On the
other hand, one who has no knowledge of a conspiracy, but happens
to act in a way which furthers some object or purpose of the
conspiracy, does not thereby become a conspirator. Similarly, a
person does not become a conspirator merely by associating with
one or more persons who are conspirators, nor merely by knowing
that a conspiracy exists.

An overt act does not itself have to be unlawful. A
lawful act may be an element of a conspiracy if it was done for
the purpose of carrying out the conspiracy. The government is not
required to prove that the defendant personally did one of the
overt acts.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with the other defendants or other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

INSTRUCTION NO. 22

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy. If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find defendant John Michael DiChiara guilty of with falsely making bonds and obligation of certain lending agencies, in violation of Section 493 of United States Code Title 18, as alleged in Counts Two through Sixteen of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person or persons named in Counts Two through Sixteen of the indictment committed the crime of falsely making bonds and obligation of certain lending agencies as alleged in those counts;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of falsely making bonds and obligation of certain lending agencies, as alleged in Counts Two through Sixteen, in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Two through Sixteen were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

1    You may also find defendant John Michael DiChiara

2 guilty of bank fraud, in violation of Section 1344(1) of United

3 States Code Title 18, as alleged in Counts Seventeen through

4 Twenty-Four, Counts Twenty-Six through Thirty-One, and Counts

5 Thirty-Three through Thirty-Nine of the indictment, if the

6 government has proved each of the following elements beyond a

7 reasonable doubt:

8    First, a person or persons named in Counts Seventeen

9 through Twenty-Four, Counts Twenty-Six through Thirty-One, and

10 Counts Thirty-Three through Thirty-Nine of the indictment of the

11 indictment committed the crime of bank fraud as alleged in those

12 counts;

13    Second, the person was a member of the conspiracy

14 charged in Count One of the indictment;

15    Third, the person committed the crime of bank fraud, as

16 alleged in Counts Seventeen through Twenty-Four, Counts Twenty-

17 Six through Thirty-One, and Counts Thirty-Three through Thirty-

18 Nine of the indictment, in furtherance of the conspiracy;

19    Fourth, the defendant was a member of the same

20 conspiracy at the time the offense charged in Counts Seventeen

21 through Twenty-Four, Counts Twenty-Six through Thirty-One, and

22 Counts Thirty-Three through Thirty-Nine of the indictment were

23 committed; and

24    Fifth, the offense fell within the scope of the

25 unlawful agreement and could reasonably have been foreseen to be

26 a necessary or natural consequence of the unlawful agreement.

27    You may find defendant George Larsen guilty of bank

28 fraud, in violation of Section 1344(1) of United States Code

24

Title 18, as alleged in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person or persons named in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three of the indictment committed the crime of bank fraud as alleged in those counts;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of bank fraud, as alleged in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three of the indictment, in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three of the indictment were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

You may find defendant Larry Todt guilty of bank fraud, in violation of Section 1344(1) of United States Code Title 18, as alleged in Count Thirty-One of the indictment, if the government has proved each of the following elements beyond a reasonable doubt:

First, a person or persons named in Count Thirty-One of the indictment committed the crime of bank fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count One of the indictment;

Third, the person committed the crime of bank fraud, as alleged in Count Thirty-One, in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Count Thirty-One were committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

INSTRUCTION NO. 23

Defendant John Michael DiChiara is charged in Counts Two through Sixteen of the indictment with Falsely Making Bonds and Obligations of Certain Lending Agencies violation of Section 493 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, the defendant falsely made, forged, counterfeited, or altered a note, obligation, instrument or writing; and

Second, said document was made in imitation or purporting to be in imitation of a note, obligation, instrument or writing of any land bank, intermediate credit bank, insured credit union, bank for cooperatives or any lending, mortgage, insurance or savings and loan corporation or association authorized or acting under the laws of the United States.

A bank that is insured through the federal deposit insurance corporation is a bank that is authorized or acting under the laws of the United States.

INSTRUCTION NO. 24

Defendant John Michael DiChiara is charged in Counts Seventeen through Twenty-Four, Twenty-Six through Thirty-One, and Thirty-Three through Thirty-Nine; defendant George Larsen is charged in Counts Nineteen, Twenty, Twenty-Three, Twenty-Four, and Thirty-Three; and defendant Larry Todt is charged in Count Thirty-One of the indictment with bank fraud in violation of Section 1344(1) of Title 18 of the United States Code. In order for each of the defendants to be found guilty of that charge, the government must prove each of the following beyond a reasonable doubt:

First, each of the defendants knowingly executed, or attempted to execute, a scheme to defraud a financial institution as to a material matter;

Second, each of the defendants did so with the intent to defraud the financial institution; and

Third, the financial institution was insured by the Federal Deposit Insurance Corporation or was a mortgage lending business.

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive, cheat, or deprive a financial institution of something of value. It is not necessary for the government to prove that a financial institution was the only or sole victim of the scheme to defraud. It is also not necessary for the government to prove that the defendant was actually successful in defrauding any financial institution. Finally, it is not necessary for the

28

government to prove that any financial institution lost any money or property as a result of the scheme to defraud.

An intent to defraud is an intent to deceive or cheat.

An attempt to commit bank fraud requires the intent to commit bank fraud, as described above, as well as a substantial step by that defendant toward committing bank fraud. Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

A mortgage lending business means an organization which finances or refinances any debt secured by an interest in real estate, including private mortgage companies and any subsidiaries of such organizations, and whose activities affect interstate or foreign commerce.

INSTRUCTION NO. 25

    Whether the financial institution acted prudently is irrelevant to whether the defendant acted with the intent to defraud that financial institution.

INSTRUCTION NO. 26

If you decide that the defendant was a member of a
scheme to defraud and that the defendant had the intent to
defraud, the defendant may be responsible for other co-schemers'
actions during the course of and in furtherance of the scheme,
even if the defendant did not know what they said or did.

For the defendant to be guilty of an offense committed
by a co-schemer in furtherance of the scheme, the offense must be
one that the defendant could reasonably foresee as a necessary
and natural consequence of the scheme to defraud.

INSTRUCTION NO. 27

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

INSTRUCTION NO. 28

You may find that a defendant acted knowingly if you find beyond a reasonable doubt that a defendant:

1. Was aware of a high probability that the recorded documents prepared by or signed by, or caused to be prepared by the defendant contained false statements, and

2. Deliberately avoided learning the truth.

You may not find such knowledge, however, if you find that the defendant actually believed that the recorded documents did not contain false statements or if you find that the defendant was simply careless.

INSTRUCTION NO. 29

A defendant may be found guilty of falsely making bonds and obligations of certain lending agencies, in violation of Title 18, United States Code Section 493, and of bank fraud, in violation of Title 18, United States Code Section 1344(1), even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of falsely making bonds and obligations of certain lending agencies or bank fraud by aiding and abetting, the United States must prove each of the following beyond a reasonable doubt:

First, falsely making bonds and obligations of certain lending agencies or bank fraud was committed by someone;

Second, the defendant aided, counseled, commanded, induced, or procured that person with respect to at least one element of falsely making bonds and obligations of certain lending agencies or bank fraud;

Third, the defendant acted with the intent to facilitate falsely making bonds and obligations of certain lending agencies or bank fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit falsely

34

making bonds and obligations of certain lending agencies or bank fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

The United States is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

INSTRUCTION NO. 30

When you begin your deliberations, elect one member of the jury as your presiding juror who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

INSTRUCTION NO. 31

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

INSTRUCTION NO. 32

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the United States has proved its case against the defendant beyond a reasonable doubt.

INSTRUCTION NO. 33

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the court security officer that you are ready to return to the courtroom.

INSTRUCTION NO. 34

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or court security officer, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. You are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

**PROPOSED VERDICT FORMS**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

LARRY TODT,

          Defendant.

No. 2:15-cr-00190-GEB

**VERDICT FORM**

        WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, LARRY TODT, AS FOLLOWS:

AS TO COUNT <u>ONE</u> OF THE INDICTMENT:

GUILTY       NOT GUILTY

_____  _____         Conspiracy to falsely make lending association writings and to commit bank fraud, in violation of Title 18, United States Code Section 371

If you found the defendant guilty of Count One, do you find that the defendant conspired to falsely make lending association writings?

Yes _____ No _____

If you found the defendant guilty of Count One, do you find that the defendant conspired to commit bank fraud?

Yes _____ No _____

1

AS TO COUNT <u>THIRTY-ONE</u> OF THE INDICTMENT:

```
             NOT
GUILTY       GUILTY

_____      _____
                              Bank Fraud, in violation
                              of Title 18, United
                              States Code Section
                              1344(1), as to JP Morgan
                              Chase (formerly
                              Washington Mutual) in
                              relation to property at
                              28432 Avenida Placida, on
                              or about April 28, 2010
```

_____          _____
DATED                                     FOREPERSON

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
|---|---|
| Plaintiff, | |
| v. | **VERDICT FORM** |
| GEORGE LARSEN, | |
| Defendant. | |

WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, GEORGE LARSEN, AS FOLLOWS:

AS TO COUNT <u>ONE</u> OF THE INDICTMENT:

|  | NOT | |
|---|---|---|
| GUILTY | GUILTY | |
| _____ | _____ | Conspiracy to falsely make lending association writings and to commit bank fraud, in violation of Title 18, United States Code Section 371 |

If you found the defendant guilty of Count One, do you find that the defendant conspired to falsely make lending association writings?

Yes _____ No _____

If you found the defendant guilty of Count One, do you find that the defendant conspired to commit bank fraud?

Yes _____ No _____

1

AS TO COUNT <u>NINETEEN</u> OF THE INDICTMENT:

GUILTY

NOT
GUILTY

_____      _____

Bank Fraud, in violation
of Title 18, United
States Code Section
1344(1), as to Bank of
America in relation to
property at 1928 Sansone
Drive, on or about
October 1, 2010

AS TO COUNT <u>TWENTY</u> OF THE INDICTMENT:

GUILTY

NOT
GUILTY

_____      _____

Bank Fraud, in violation
of Title 18, United
States Code Section
1344(1), as to JP Morgan
Chase in relation to
property at 1928 Sansone
Drive, on or about
October 1, 2010

AS TO COUNT <u>TWENTY-THREE</u> OF THE INDICTMENT:

GUILTY

NOT
GUILTY

_____      _____

Bank Fraud, in violation
of Title 18, United
States Code Section
1344(1), as to Bank of
America in relation to
property at 1928 Sansone
Drive, on or about
October 1, 2010

1

AS TO COUNT <u>TWENTY-FOUR</u> OF THE INDICTMENT:

```
            NOT
GUILTY      GUILTY


_____      _____
```
Bank Fraud, in violation of Title 18, United States Code Section 1344(1), as to Citibank in relation to property at 564 Stone Drive, on or about February 18, 2011

AS TO COUNT <u>THIRTY-THREE</u> OF THE INDICTMENT:

```
            NOT
GUILTY      GUILTY


_____      _____
```
Bank Fraud, in violation of Title 18, United States Code Section 1344(1), as to Deutsche Bank/PNC Bank in relation to property at 60 Canyon Drive, on or about March 22, 2011

```
_____          _____
DATED                          FOREPERSON
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

   v.

JOHN MICHAEL DICHIARA,

          Defendant.

No. 2:15-cr-00190-GEB

**VERDICT FORM**

          WE, THE JURY, UNANIMOUSLY FIND THE DEFENDANT, JOHN MICHAEL DICHIARA, AS FOLLOWS:

AS TO COUNT <u>ONE</u> OF THE INDICTMENT:

           NOT
GUILTY  GUILTY

_____  _____          Conspiracy to falsely make lending association writings and to commit bank fraud, in violation of Title 18, United States Code Section 371

    If you found the defendant guilty of Count One, do you find that the defendant conspired to falsely make lending association writings?

    Yes _____ No _____

    If you found the defendant guilty of Count One, do you find that the defendant conspired to commit bank fraud?

    Yes _____ No _____

3

AS TO COUNT <u>TWO</u> OF THE INDICTMENT:

GUILTY     NOT
           GUILTY


_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 3182 Shawnee Court, Cameron Park, CA on or about December 3, 2010


AS TO COUNT <u>THREE</u> OF THE INDICTMENT:

GUILTY     NOT
           GUILTY


_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 3182 Shawnee Court, Cameron Park, CA on or about December 2, 2010

2

1  AS TO COUNT <u>FOUR</u> OF THE INDICTMENT:

2              NOT
3  GUILTY    GUILTY

4  _____    _____

5                                    Falsely Making Bonds and
                                     Obligation of Certain
6                                    Lending Agencies, in
                                     violation of Title 18,
7                                    United States Code section
                                     493, as to Substitution of
8                                    Trustee and Deed of
                                     Reconveyance for 319
9                                    Marsalla Drive,
                                     Sacramento, CA on or about
10                                   February 15, 2011

11

12

13 AS TO COUNT <u>FIVE</u> OF THE INDICTMENT:

14             NOT
   GUILTY    GUILTY
15

16 _____    _____

17                                   Falsely Making Bonds and
                                     Obligation of Certain
18                                   Lending Agencies, in
                                     violation of Title 18,
19                                   United States Code section
                                     493, as to Substitution of
20                                   Trustee and Deed of
                                     Reconveyance for 319
21                                   Marsalla Drive,
                                     Sacramento, CA on or about
22                                   March 1, 2011

23

24

25

26

27

28

                    3

```
1    AS TO COUNT SIX OF THE INDICTMENT:

2              NOT
3    GUILTY   GUILTY

4    _____   _____
5                              Falsely Making Bonds and
                               Obligation of Certain
6                              Lending Agencies, in
                               violation of Title 18,
7                              United States Code section
                               493, as to Substitution of
8                              Trustee and Deed of
                               Reconveyance for 6303
9                              Green Garden Drive,
                               Bakersfield, CA on or
10                             about October 4, 2010

11

12

13   AS TO COUNT SEVEN OF THE INDICTMENT:

14             NOT
15   GUILTY   GUILTY

16   _____   _____
17                             Falsely Making Bonds and
                               Obligation of Certain
18                             Lending Agencies, in
                               violation of Title 18,
19                             United States Code section
                               493, as to Substitution of
20                             Trustee and Deed of
                               Reconveyance for 6303
21                             Green Garden Drive,
                               Bakersfield, CA on or
22                             about September 30, 2010

23

24

25

26

27

28
                              4
```

AS TO COUNT <u>EIGHT</u> OF THE INDICTMENT:

```
            NOT
GUILTY      GUILTY

_____      _____
```

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 1420 Roaring Camp Court, Plumas Lake, CA on or about December 22, 2010

AS TO COUNT <u>NINE</u> OF THE INDICTMENT:

```
            NOT
GUILTY      GUILTY

_____      _____
```

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 7593 Almondwood Avenue, Citrus Heights, CA on or about October 20, 2010

AS TO COUNT <u>TEN</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY

_____    _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 5479 Dunlay Drive, Sacramento, CA on or about September 21, 2010

AS TO COUNT <u>ELEVEN</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY

_____    _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as Notice of Rescission of Notice of Default for 7233 Cromwell Drive, Sacramento, CA on or about October 14, 2010

6

AS TO COUNT <u>TWELVE</u> OF THE INDICTMENT:

NOT
GUILTY   GUILTY

_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 7233 Cromwell Drive, Sacramento, CA on or about October 14, 2010

AS TO COUNT <u>THIRTEEN</u> OF THE INDICTMENT:

NOT
GUILTY   GUILTY

_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee and Deed of Reconveyance for 7233 Cromwell Drive, Sacramento, CA on or about October 15, 2010

AS TO COUNT <u>FOURTEEN</u> OF THE INDICTMENT:

|        | NOT    |
| GUILTY | GUILTY |

_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to Substitution of Trustee for 2162 Painted Pony Road, Somerset, CA on or about February 14, 2011

AS TO COUNT <u>FIFTEEN</u> OF THE INDICTMENT:

|        | NOT    |
| GUILTY | GUILTY |

_____   _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to a Full Reconveyance for 2162 Painted Pony Road, Somerset, CA on or about February 14, 2011

AS TO COUNT <u>SIXTEEN</u> OF THE INDICTMENT:

GUILTY

NOT
GUILTY

_____    _____

Falsely Making Bonds and Obligation of Certain Lending Agencies, in violation of Title 18, United States Code section 493, as to a Notice of Rescission of Notice of Default and Election to Sell Under Deed of Trust for 2162 Painted Pony Road, Somerset, CA on or about March 4, 2011

AS TO COUNT <u>SEVENTEEN</u> OF THE INDICTMENT:

GUILTY

NOT
GUILTY

_____    _____

Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to World Savings Bank/Wells Fargo in relation to property at 319 Marsalla Drive, on or about February 15, 2011

AS TO COUNT <u>EIGHTEEN</u> OF THE INDICTMENT:

GUILTY
      NOT
      GUILTY


_____    _____

                                Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to World Savings Bank/Wells Fargo in relation to property at 319 Marsalla Drive, on or about March 1, 2011


AS TO COUNT <u>NINETEEN</u> OF THE INDICTMENT:

GUILTY
      NOT
      GUILTY


_____    _____

                                Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to Bank of America in relation to property at 1928 Sansone Drive, on or about October 1, 2010


AS TO COUNT <u>TWENTY</u> OF THE INDICTMENT:

GUILTY
      NOT
      GUILTY


_____    _____

                                Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to JP Morgan Chase in relation to property at 1928 Sansone Drive, on or about October 1, 2010

AS TO COUNT <u>TWENTY-ONE</u> OF THE INDICTMENT:

GUILTY     NOT
          GUILTY


_____   _____

                                       Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to M&T Mortgage/Bank of America in relation to property at 6303 Green Garden Drive, on or about October 4, 2010

AS TO COUNT <u>TWENTY-TWO</u> OF THE INDICTMENT:

GUILTY     NOT
          GUILTY


_____   _____

                                       Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to RBS Citizens/Charter One Bank in relation to property at 6303 Green Garden Drive, on or about September 30, 2010

AS TO COUNT <u>TWENTY-THREE</u> OF THE INDICTMENT:

GUILTY     NOT
          GUILTY


_____   _____

                                       Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to Bank of America in relation to property at 564 Stone Drive, on or about February 18, 2011

11

AS TO COUNT <u>TWENTY-FOUR</u> OF THE INDICTMENT:

                NOT
GUILTY       GUILTY


_____     _____

                                    Bank Fraud, in violation
                                    of Title 18, United States
                                    Code section 1344(1), as
                                    to Citibank in relation to
                                    property at 564 Stone
                                    Drive, on or about
                                    February 18, 2011


AS TO COUNT <u>TWENTY-SIX</u> OF THE INDICTMENT:

                NOT
GUILTY       GUILTY


_____     _____

                                    Bank Fraud, in violation
                                    of Title 18, United States
                                    Code section 1344(1), as
                                    to Fidelity Home
                                    Mortgage/Bank of America
                                    in relation to property at
                                    1420 Roaring Camp Court,
                                    on or about December 22,
                                    2010


AS TO COUNT <u>TWENTY-SEVEN</u> OF THE INDICTMENT:

                NOT
GUILTY       GUILTY


_____     _____

                                    Bank Fraud, in violation
                                    of Title 18, United States
                                    Code section 1344(1), as
                                    to Wells Fargo in relation
                                    to property at 3182
                                    Shawnee Court, on or about
                                    December 3, 2010

12

AS TO COUNT <u>TWENTY-EIGHT</u> OF THE INDICTMENT:

```
          NOT
GUILTY    GUILTY


_____    _____
```

Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to Wells Fargo in relation to property at 3182 Shawnee Court, on or about December 2, 2010

AS TO COUNT <u>TWENTY-NINE</u> OF THE INDICTMENT:

```
          NOT
GUILTY    GUILTY


_____    _____
```

Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to Encore Credit/Chase Bank in relation to property at 7233 Cromwell Way, on or about December 14, 2010

AS TO COUNT <u>THIRTY</u> OF THE INDICTMENT:

```
          NOT
GUILTY    GUILTY


_____    _____
```

Bank Fraud, in violation of Title 18, United States Code section 1344(1), as to Liberty American Mortgage/HSBC Bank in relation to property at 7233 Cromwell Way, on or about December 15, 2010

AS TO COUNT <u>THIRTY-ONE</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY

_____    _____

Bank Fraud, in violation
of Title 18, United States
Code section 1344(1), as
to JP Morgan Chase
(formerly Washington
Mutual) in relation to
property at 28432 Avenida
Placida, on or about April
28, 2010

AS TO COUNT <u>THIRTY-THREE</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY

_____    _____

Bank Fraud, in violation
of Title 18, United States
Code section 1344(1), as
to Deutsche Bank/PNC Bank
in relation to property at
60 Canyon Drive, on or
about March 22, 2011

AS TO COUNT <u>THIRTY FOUR</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY

_____    _____

Bank Fraud, in violation
of Title 18, United States
Code section 1344(1), as
to JP Morgan Chase in
relation to property at
7593 Almondwood Avenue, on
or about October 20, 2010

14

AS TO COUNT <u>THIRTY-FIVE</u> OF THE INDICTMENT:

NOT
GUILTY   GUILTY

_____   _____

                              Bank Fraud, in violation
                              of Title 18, United States
                              Code section 1344(1), as
                              to United Capital
                              Funding/Bank of America in
                              relation to property at
                              3765 Northcrest Court, on
                              or about January 19, 2011


AS TO COUNT <u>THIRTY-SIX</u> OF THE INDICTMENT:

NOT
GUILTY   GUILTY

_____   _____

                              Bank Fraud, in violation
                              of Title 18, United States
                              Code section 1344(1), as
                              to Bank of America in
                              relation to property at
                              3765 Northcrest Court, on
                              or about January 19, 2011


AS TO COUNT <u>THIRTY-SEVEN</u> OF THE INDICTMENT:

NOT
GUILTY   GUILTY

_____   _____

                              Bank Fraud, in violation
                              of Title 18, United States
                              Code section 1344(1), as
                              to Deutsche Bank/Bank of
                              America/Countrywide in
                              relation to property at
                              5479 Dunlay Drive, on or
                              about September 21, 2010

15

AS TO COUNT <u>THIRTY-EIGHT</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY


_____    _____

Bank Fraud, in violation
of Title 18, United States
Code section 1344(1), as
to JP Morgan Chase/First
Choice Funding in relation
to property at 154 Brook
Court, on or about January
18, 2011


AS TO COUNT <u>THIRTY-NINE</u> OF THE INDICTMENT:

NOT
GUILTY    GUILTY


_____    _____

Bank Fraud, in violation
of Title 18, United States
Code section 1344(1), as
to World Savings/Wachovia
in relation to property at
1794 Kodiak Circle, on or
about May 20, 2011


_____        _____
DATED                          FOREPERSON

16