UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOHN MICHAEL DICHIARA, et. al.,<br><br>    Defendants. | No. 2:15-cr-190-GEB<br><br><br>**ORDER** |

Defendant John Dichiara insists that the Court conduct voir dire concerning religious issues he indicates are involved in this case exactly as he states in his untimely submitted proposed voir dire. The United States responds to Dichiara arguing:

> [it] does not believe that inquiry into the prospective jurors' personal religious beliefs and practices is appropriate voir dire in this case. Voir dire by the Court or counsel as to whether the jurors' religious beliefs or practices would affect their ability to impartially consider the evidence and follow the law is sufficient to ensure a fair and unbiased jury, without inquiry into the specifics of the jurors' beliefs or practices.

Gov't. Resp. to Court's Proposed Voir Dire ("Gov't. Resp."), 2:2-6, ECF NO. 242.

It is unclear whether Dichiara understands the purpose of voir dire. "The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to

1

determine actual bias and to allow counsel to assess suspected bias or prejudice." Darbin v. Nourse, 664 F.2d 1109, 1112-13 (9th Cir. 1981). Even where concepts of religion are involved in a case, the voir dire questioner should not should not lose sight of this purpose.

The scope of the voir dire Dichiara appears aimed at attempting to select potential jurors that will understand and accept his theory of defense. The Court has discretion to decline to ask a proposed voir dire question when the purpose for asking that question is to inquire whether a potential juror will accept a party's theory of defense or offense. See United States v. Toomey, 764 F.2d 678, 683 (9th Cir. 1985) ("a defendant is not [] entitled to test the jurors on their capacity to accept his theory of the case"); see also United States v. Brown, 935 F.2d 276 (9th Cir. 1991)("We have repeatedly held that a court need not make a defendant's theory of the case the subject of mandatory voir dire"); DeLaCruz v. Atchison, T. & S. F. Ry. Co., 405 F.2d 459, 462 (5th Cir. 1968)("Rather, the district court, whose discretion is broad in this area, might well feel that this was but a subtle attempt on counsel's part to lay a foundation for his case.").

Lastly, the United States argues that in light of Dichiara's apparent insistence to ask questions not designed to accomplish the purpose of voir dire, that the court should conduct a conference on the matter at the beginning of trial scheduled to begin tomorrow. This request is denied. It is obvious that the parties have had ample opportunity to assist the judge with voir dire. Further, in light of Dichiara's

persistence in seeking to ask questions not germane to the purposes of voir dire, the court is considering conducting all voir dire itself to the extent permissible under Federal Rule of Criminal Procedure Rule 24(a).

Dated: September 11, 2017

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

3