1

2

3

4                    UNITED STATES DISTRICT COURT

5                   EASTERN DISTRICT OF CALIFORNIA

6

7    UNITED STATES OF AMERICA,            No. 2:15-cr-00190-GEB

8                  Plaintiff,

9         v.                              **AMENDED JUDGE VOIR DIRE**

10   JOHN MICHAEL DICHIARA, et. al.,

11                Defendants.

12

13              Attached are amended voir dire questions. Two questions

14   have been added.  One is an inquiry about what is understood to

15   be the crux of Defendant Dichiara's proposed voir dire questions

16   concerning whether a potential juror has a religious tenet that

17   could interfere with the potential juror being an impartial juror

18   in this case.  The other added question inquiries about what is

19   understood to be the crux of Defendant Larsen's proposed voir

20   dire questions concerning whether any potential juror had or has

21   dealings and/or a relationship with certain business entities

22   that could interfere with the potential juror being an impartial

23   juror in this case.

24              When seeking to determine the factual allegations

25   involved with the trial for the purpose of considering

26   appropriate voir dire, the Court relied on the facts in the

27   government's trial brief and allegations in the Indictment.

28   Defendant Dichiara states in his Trial Brief: "The governments

[sic] trial brief outlines the basic facts surrounding the issues to be tried in this matter . . . [;] the brief . . . provides sufficient background for the Court." Def. Dichiara's Trial Brief 1:22-25, ECF No. 227.

In light of certain proposed voir dire questions submitted by one of the parties in this case, the judge may decide to conduct all voir dire. "[A] trial court [does not] abuse[] its discretion in conducting voir dire where there is sufficient questioning to produce, in light of the factual situation involved in the particular trial, some basis for a reasonably knowledgeable exercise of the right of challenge." United States v. McAnderson, 914 F.2d 934, 943 (7th Cir. 1990) (quoting United States v. Hasting, 739 F.2d 1269, 1273 (7th Cir. 1984)).

Bearing in mind the purpose of voir dire, the judge has endeavored to sufficiently inquire of potential jurors whether they can be fair and impartial in this case. The Ninth Circuit states in Darbin v. Nourse: "The principal purpose of voir dire is to probe each prospective juror's state of mind to enable the trial judge to determine actual bias and to allow counsel to assess suspected bias or prejudice." 664 F.2d 1109, 1113 (9th Cir. 1981). Further, "a [party] is not necessarily entitled to test the jurors on their capacity to accept his [or its] theory of the case." United States v. Toomey, 914 F.2d 934, 943 (9th Cir. 1985).

In addition,

[t]he court need not use the question in the precise form suggested by counsel. Nor need a particular question be asked if the substance

2

> of the inquiry is covered in another question, differently phrased, or in the voir dire as a whole. Certainly the trial court need not conduct an inquiry which is cumulative.

<u>Darbin</u>, 664 F.2d at 1113.

Lastly, although the previous trial documents transmittal order to which proposed trial documents were attached informed the parties that a bench conference would be convened, if necessary, to discuss issues concerning voir dire, that portion of the transmittal order is withdrawn. Delay attendant with a bench conference or conferences should be avoided if feasible, and the parties could help in the endeavor to avoid such conferences by proposing voir dire questions that could foster the goal of voir dire as soon as is feasible by filing proposed voir dire on the public docket.

Dated:  October 27, 2017

GARLAND E. BURRELL, JR.
Senior United States District Judge

1

2

3

4

5

6                        **VOIR DIRE**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:15-cr-00190-GEB |
| Plaintiff, | |
| v. | **VOIR DIRE** |
| JOHN MICHAEL DICHIARA, et. al., | |
| Defendants. | |

Good morning and welcome to the United States District Court. Thank you for both your presence and your anticipated cooperation in the questioning process we are about to begin. You are performing an important function in our legal system.

The court personnel who will assist me in this trial are on the platform below me. The Courtroom Deputy Clerk is Shani Furstenau. Next to her is the Certified Court Reporter. Ms. Furstenau, please administer the oath to the prospective jurors.

We are about to begin what is known as voir dire. Voir dire consists of questions designed to provide the court and the parties with information about each potential juror. After questioning is complete, the parties will exercise what is known as peremptory challenges.

1.  Parties, the Jury Administrator has already randomly selected potential jurors and their names are on the sheet you have been given in the order of the random selection. Each potential juror has been given a large laminated card on which the number is placed showing the order in which the potential juror was randomly selected.

2.  I will ask the potential jurors questions as a group. If a potential juror has a response, he or she shall raise the laminated card. Generally, the potential juror with the lowest number will respond first. If no laminated card is raised, I will simply state "no response" and then ask the next question. If you know it is your turn to respond to a question, you may respond before I call your seat number by stating your seat number, then your response. That could expedite the process.

3.  If a potential juror concludes a question unduly pries into a private matter, the potential juror may request to respond out of the earshot of other potential jurors. I'm authorized to try to protect legitimate privacy interests, but may ask questions in the area that you indicate a desire to discuss in private to determine whether it, or any aspect of the matter, should be responded to as indicated. This approach is taken because the trial should be open unless I have a legitimate reason to close an aspect of it.

4.  The presentation of evidence and closing argument portions of the trial are expected to be completed in approximately 9 court days, after which the case will be submitted to the jury for jury deliberation. Trial will be

conducted on Tuesdays, Wednesdays, and Thursdays, from 9:00 a.m. to about 4:30 p.m. However, once you commence jury deliberations, you will be expected to deliberate every day except weekends until you complete your deliberations. Does the schedule pose a special problem for any prospective jury?

5. Each party may make any desired introduction; however, the United States shall name anticipated witnesses it may call so it can be determined whether any potential jury knows or has had contact with a person named.

   a. Do you know and or have you had any contact with a person just named?

6. This is a criminal case brought by the United States. The United States charges all defendants in Count One of the indictment with conspiracy to falsely make lending association writings and to commit bank fraud. The United States charges defendant George Larsen in Counts 19, 20, 23, 24, and 33 with Bank Fraud. The United States charges defendant Larry Allen Todt in Count 31 with Bank Fraud. The indictment simply describes the charges the United States brings against the defendants. The indictment is not evidence and does not prove anything. The defendants have pleaded not guilty to the charges and are presumed innocent unless and until the United States proves the defendants guilty beyond a reasonable doubt. In addition, the defendants have the right to remain silent and never have to prove innocence or to present any evidence.

7. Have you read or seen anything about the charges in this case?

   a. If so, is there anything about what you may

have read or seen which would affect your
ability to consider only the evidence that
you hear in court and to be fair and
impartial to both sides?

8.   In light of the allegations, does any potential juror prefer not being a juror on this case?

9.   Is there anything about the allegations which causes you to feel that you might not be a fair juror in this case?

10.   Is there any reason why you would not be able to be a juror and/or to give your full attention to this case?

11.   Have you, any member of your family, or any close friend been arrested for a crime or been the defendant in a criminal case?

12.   Do you have any religious or moral objection to sitting in judgment of another's conduct in a court of law?

13.   Certain allegations in this case allege that a church entity and/or a spiritual organization was used in connection with charged fraudulent activities.   Will such allegations interfere with your ability to be a fair and impartial juror?

14.   Have you had dealings with any financial institution that would interfere with your ability to be a fair and impartial juror on this case, in light of allegations that defendants conspired to defraud such institutions?

15.   Have you ever served as a juror in the past, in any capacity?

a.   State whether it was a civil or criminal

4

case, and whether the jury reached a verdict, but do not state the actual verdict reached.

16. Would you tend to believe the testimony of a witness just because of that witness's present or former status as a law enforcement officer?

17. Would you tend to disbelieve the testimony of a witness just because of the witness's present or former status as a law enforcement officer?

18. You are required to apply the law I will give you even if you believe a different law should apply. If you cannot agree to what I just said, please raise your hand.

19. Do you have any difficulty with the rule of law that a person charged with a crime is presumed innocent and need not present any evidence, and the government at all times bears the burden of proving guilt beyond a reasonable doubt?

20. Do you have any problem with the rule of law that a defendant need not testify on his own behalf and that if a defendant chooses not to testify, that factor may not be considered by you in your deliberations?

21. Is there anything we have not discussed that you believe could have a bearing on your ability to be a fair and impartial juror in this case, or that you suspect a trial participant would desire to know?

22. The Courtroom Deputy Clerk will give the juror in seat number one a sheet on which there is information we seek. Please pass the sheet to a potential juror near you after you respond.

Please state:

    a.   your juror seat number;

    b.   your name and educational background;

    c.   the educational background of any person residing with you;

    d.   your present and former occupations; and

    e.   the present and former occupations of any person residing with you.